Curia,per

Wardlaw, J.
The question now is not as to the seizure of the meat by the commissioners of the market, nor as to the fine declared or imposed by them; but only as to the penalty which the defendant is alleged to have incurred under the ordinance of 1835, by selling in the market after his stall had been declared vacant.
The Recorder held the discretion of the commissioners to be the rule, the measure of the necessity which required them to declare the stall vacant; yet he held that this discretion was subject to investigation; that it would be controlled, if at any time it was exercised capriciously or improperly ; and that it was a fact for the consideration of the jury, whether the matter charged against the defendant, for which his stall was vacated, fell within the discretion of the commissioners, the real question being, had the *434 commissioners exercised a sound discretion 'l Under these views, it would seem that all the evidence offered by the defendant should have been received, to enable the jury wisely to decide the appeal from the commissioners’s decision to them. But such views are inconsistent with just notions of discretion. There is no discretion if there be a will to which it must conform; and if there be no will, there can be no appeal. If a discretionary power be given for a certain purpose, then the exercise of power for another purpose is an abuse; and if the improper purpose be apparent, the exercise is void. In such case the discretion is limited by the purpose, but still must be free within its prescribed limits.
Here the language of the ordinance is, that the commissioners are “ authorized, when they deem the same necessary, to vacate and discontinue the lease or hiring of any of the stalls,” and whenever they “shall see fit to declare any stall vacant,” &c. — An absolute discretion is given to them, limited only by the purpose for which their powers are conferred — the good of the city. If it should be apparent that that purpose was departed from, as if, for instance, upon the face of their acts it should appear that their discretion was exercised to wreak private malice, in opposition to their own views of the city’s good, their act would be void for fraud and corruption. But all presumptions must be made in favor of their good intentions, and no error of judgment upon a matter committed to their judgment without appeal, can make their act void, or give an appeal not before provided for.
Other persons may think that the commissioners have not done wisely — that the means they adopted were not best suited to attain the end proposed; but the right and responsibility of judgment are in them, and not in other persons. They are not bound to shew why “ they see fit to declare any stall vacant,” nor to explain nor justify their act in execution of the ordinance, any more than the Council to do the like as to complaints made for their passing the ordinance, or the Legislature as to complaints for chartering the city. The errors of all these bodies in their prescribed limits are to be corrected in like manner, by appeals to their justice and good sense, and by change of the individuals who compose them.
*435 The only question, then, (if corrupt purpose in the commissioners cannot be sustained,) is whether the ordinance was within the powers of the Council constitutionally delegated-to it: and when it is considered that in cities, policy necessarily requires many restraints upon individual freedom, and that especially in relation to markets — objects of universal interest — numerous minute regulations prevail in all large cities, advantageous to both buyer and seller, although arbitrary, and sometimes vexatious, there can remain no doubt, that the summary exercise of severe powers here authorized, and committed to the commissioners of the markets, may be required by the public convenience, and is altogether consistent with the rights secured to the citizen. He also takes a lease of a stall— knows the tenure by which it is to be held — and when his stall may be declared vacant, has no more just right of complaint than another who is prohibited from selling because he has never leased a stall, or another whose commodities are seized because they were exposed at prohibited hours, or in prohibited places, or in a manner contrary to some of the prescribed regulations.
The hiring of a stall is in fact the purchase of a license to sell: the market and all the stalls in it, are vested in the city, and the government of them entrusted to the commissioners. In the discretion which they are authorized to exercise, it is not to be presumed that the commissioners will withdraw their license without at least believing that the good of the city will be thereby promoted, inasmuch as they individually, and all their fellow citizens for whom they act, have an interest in promoting the competition of sellers in the market; but to embarrass their summary determination of a case, or to subject it to revision, might deprive them of the power of preserving order, or enforcing regulations essential to the common interest of buyers and sellers, and to the peace and prosperity of the city.
The Recorder, then, having submitted to the jury as a question of fact, that which, as matter of law, should have been decided in favor of the plaintiffs, a new trial must be had.
O’Neall, Evans, Butler, and Frost, JJ. concurred.